UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARIA L. ALANIZ | § |
| | §   Civil Action No. |
| v | § |
| | §       5:15-cv-587-RP |
| LAW OFFICES OF JOSEPH | § |
| ONWUTEAKA, P.C. AND | § |
| SAMARA PORTFOLIO | § |
| MANAGEMENT, LLC | § |

**Plaintiff's Motion for Default Judgment**

_____

**To the Honorable Robert Pittman:**

1. After being sued in the wrong precinct over a consumer debt Alaniz brought this action against Law Office of Joseph Onwuteaka, P.C., and Samara Portfolio Management, LLC for violations of the FDCPA. Each defendant failed to respond to a request for waiver of service. Each defendant was then properly served. Now each defendant has failed to plead or otherwise defend themselves in this action. The District Clerk has entered a default against each defendant. (Dkt. 6).

**Introduction**

2. Alaniz brought this action for damages under 15 U.S.C. § 1692 *et seq* and Texas Finance Code § 392. The FDCPA prohibits a debt collector from filing suit against a consumer in a jurisdiction other than that in which a consumer resides.

3. The Texas Act requires a debt collector to file a bond with the Texas Secretary of State.[1] The Texas Act prohibits a creditor from using a debt collector when that creditor has actual knowledge that the debt collector "repeatedly or continuously" engages in violations of the Texas Act.[2]

4. According to the Texas Secretary of State's website, the Law Office of Joseph Onwuteaka, P.C. does not have a bond on file.[3] Samara knows that Onwuteaka regularly engages in violations of the Texas Finance Code because Joseph Onwuteaka is the president of both entities. Further, both have been sued under the

---

[1] Tex. Fin. Code § 392.101.
[2] Tex. Fin. Code § 392.306.
[3] https://direct.sos.state.tx.us/debtcollectors/DCSearch.asp (last accessed 11-5-2015).

FDCPA[4] and for violations similar to those alleged here. In fact, the 5th Circuit Court of Appeals heard a case in which Onwuteaka and Samara appealed. The 5th Circuit ruled against Onwuteaka for filing a case in Harris County when the consumer he sued resided in another county.[5]

5. In 2013 the Texas Attorney General sued Samara, Onwuteaka individually, and his law office for violations of the Texas Act[6]. The attorney general stated that Onwuteaka had filed "approximately 1,500 lawsuits" in Harris County when there was no "connection whatsoever" to Harris County. Here, the Defendants engaged in the same practice on a smaller scale. Instead of filing a case against Alaniz in Bexar County Precinct 1, Onwuteaka filed in Precinct 3.

---

[4] *Rolando Serna v Law Office of Joseph Onwuteaka, P.C., et al*, Case No. 4:11-cv-03034, United States District Court, Southern District of Texas, Houston Division.
[5] *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 2015 U.S. App. LEXIS 9432 (5th Cir. Tex. June 5, 2015)
[6] *State of Texas v Samara Portfolio Management, LLC; Law Office of Joseph Onwuteaka, PC; and Joseph Onwuteaka, individually*; Cause No. 2103-35721, In the District Court 80th Judicial District, Harris County, Texas.

**Argument and Authorities**

6. With the background set out above, Alaniz is entitled to relief under the FDCPA and the Texas Act. Under 15 U.S.C. § 1692k(a)(1) of the FDCPA an individual may be awarded actual damages sustained by a violation of the Act. Under 15 U.S.C. § 1692k(a)(2)(A) an individual who has been aggrieved by violations of the FDCPA may recover statutory damages not to exceed $1,000. Under 15 U.S.C. § 1692(k)(3) and Texas Finance Code § 392.403 a successful litigant can recover costs of the action and attorney's fees.

7. Here, Plaintiff does not seek actual damages. Alaniz asks the Court to award her $1,000 as statutory damages based on Onweteaka's violations of the FDCPA venue provisions. Plaintiff also seeks recovery of costs of this action in the amount of $549.06, and reasonable attorney's fees of $1,770[7] per the declaration of William M. Clanton.[8] In sum, Alaniz seeks a total

---

[7] For 4.7 hours of work at $300 per hour.
[8] *See* Exhibit A.

recovery of $3,349.06 from the defendants, jointly and severally, per the FDCPA and the Texas Act.

**Conclusion**

8. The Court should award Plaintiff her statutory damages, costs, and attorney's fees. Alaniz respectfully requests the Court enter a default judgment against Law Offices of Joseph Onwuteaka, P.C. in the amount of $1,000 and against the Law Office of Joseph Ownuteaka, P.C. and Samara Portfolio Management, LLC in the amount of $549.06 in costs and $1,770 in attorney's fees plus post-judgment interest as allowed by law and any other relief to which Alaniz may be entitled.

Dated: November 16, 2015

Respectfully Submitted,
/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, TX 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com